UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RETAILERX, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AIDIN TAVAKKOL, et al.,<br><br>    Defendants. | Case No. 23-cv-01705-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 36 |

Now before the Court is the motion to dismiss for forum non conveniens filed by Defendants Aidin Tavakkol and Essan Parto ("Defendants") on the basis that the parties, in their Share Purchase Agreement ("SPA"), designated the courts of British Columbia as the exclusive forum for any matter "arising thereunder or relating thereto." Having considered the parties' papers and authority, the Court GRANTS Defendants' motion to dismiss.

## BACKGROUND

This case arises from Plaintiff Pantastic's purchase of LimeSpot Solutions Inc. ("LimeSpot"). LimeSpot provides online shopping technology for businesses in the e-commerce space. According to the allegations in the complaint, Plaintiffs RetailerX, Inc. d/b/a Pantastic Networks and individual Neil S. Rafer ("Plaintiffs") entered into the SPA on June 25, 2022, to purchase LimeSpot. The SPA contains a forum selection clause designating British Columbia in the City of Vancouver as the exclusive jurisdiction "with respect to any matter arising hereunder or thereunder, or relating hereto or thereto." (Dkt. No. 14-5, Complaint at § 1.2.) Also in the agreement, Plaintiffs expressly agreed that they were relying solely on the representations and

1   warranties set forth in the SPA, which included a detailed 11-page description of LimeSpot's
2   technology, and that they were not relying on any pre-contract statements.  (*Id.* at ¶ 3.6.)  Pursuant
3   to the agreement and its exhibits, LimeSpot's shareholders agreed to sell their shares to Pantastic,
4   subject to the terms and conditions set forth therein.  (*See id.*)  In the summer of 2022, Pantastic
5   became the owner of LimeSpot.  Plaintiffs claim that, contrary to representations made by
6   Defendants, LimeSpot lacked the critical technological capabilities that were material to the
7   decision to purchase the company and Plaintiffs seek to invalidate the purchase agreement and
8   recoup their costs.

9   The Court shall address other relevant facts in the remainder of its order.

## ANALYSIS

Choice of law provisions in international contracts are "'an almost indispensable precondition to achievement of the orderliness and predictability essential to any international business transaction,' and should be enforced absent strong reasons to set them aside."  *Northrup Corp. v. Triad Int'l Marketing S.A.*, 811 F.2d 1265, 1270 (9th Cir. 1987) (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 516-20 (1974)).

"Forum selection clauses are *prima facie* valid and are enforceable absent a strong showing by the party opposing the clause 'that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'"  *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (emphasis and brackets in original) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).  In general, "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*."  *Atl. Marine Const. Co. v. U.S. Dist. Ct. for the W. Dist. of Texas*, 571 U.S. 49, 59-60 (2013); *see also Livingston v. Pneu-Logic Corp.*, No. 20-cv-07155-JCS, 2021 WL 1375903, at *3 (N.D. Cal. Apr. 12, 2021).  Under the doctrine of forum non conveniens, the "plaintiff's choice of forum merits no weight.  Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted."  *Id.* at 63.  In cases where a plaintiff "agrees by contract to bring suit only in a specific forum – presumably in exchange for other binding promises by the defendant –

2

the plaintiff has effectively exercised its 'venue privilege' before a dispute arises. Only that initial choice deserves deference." *Id.* at 63-64.

First, the Court finds that the claims set out by the complaint in this matter fall within the broad scope of the parties' agreement.[1] The disputes need not stem from the terms of the contract itself, but do relate to and are inextricably intertwined with the parties' contract. *See, e.g., Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018) (holding that forum selection clauses that cover disputes "relating to" a particular agreement apply to any disputes that reference the agreement or have some "logical or causal connection" to the agreement). Each claim in the complaint is a consequence of Plaintiffs' decision to enter the SPA and to make payments to purchase LimeSpot. The specific relief Plaintiff seeks is the rescission of the funds used to purchase the company. Here, the exclusive forum clause sets out that claims logically connected to the agreement and require consideration of its terms.

The party objecting to the contractual choice of forum bears a heavy burden of proof that some exception to the agreement applies. A forum-selection clause will control unless the plaintiff makes a strong showing that: (1) the clause is invalid due to "fraud or overreaching," (2) "enforcement would contravene a strong public policy of the forum in which the suit is brought, whether declared by statute or by judicial decision," or (3) "trial in the contractual forum will be so gravely difficult and inconvenient that [the plaintiff] will for all practical purposes be deprived of his day in court." *Sun*, 901 F.3d at 1088 (quoting *M/S Bremen*, 407 U.S. at 15, 18).

With regard to the factor that the clause may be considered invalid due to fraud, the Supreme Court has noted that "simply alleging that one was duped into signing the contract is not enough." *Richards v. Lloyd's of London*, 135 F.3d 1289, 1297 (9th Cir. 1998) (citing *Scherk*, 417 U.S. 519 n.14). The fraud exception "does not mean that any time a dispute arising out of a

---

[1] Although Neil Rafer sues as an individual plaintiff and was not named as a party to the SPA, to the extent he can maintain any individual claims, those are related to the parties' agreement and fall under the purview of the forum selection clause. *See, e.g., Holland America Line v. Warsila North Amer.*, 485 F.3d 450, 456 (9th Cir. 2007) (holding that foreign forum selection clauses applied even when litigant was not a party to the contract: "any transactions between those entities and Holland America took place as part of the larger contractual relationship between Holland America and Bureau Veritas.")

3

1    transaction is based upon an allegation of fraud … the clause is unenforceable." *Id*. Rather, for a

2    "party to escape a forum selection clause on the grounds of fraud, it must show that 'the *inclusion*

3    *of that clause in the contract* was the product of fraud or coercion." *Id.* (citing *Prima Paint Corp.*

4    *v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967)) (emphasis in original).  While Plaintiffs

5    appear to argue that the agreement in its entirety should not be enforced because it was induced by

6    fraud, the complaint makes no allegation that the forum selection clause itself was procured by

7    fraud.  Without allegations of this element, Plaintiffs cannot maintain that the forum selection

8    clause is unenforceable due to fraud.

9    Similarly, Plaintiffs cannot demonstrate that there is a strong public interest in this

10   jurisdiction to resolve the parties' claims.  All but the third count for violation of unfair business

11   practices under the California Code Business and Professions Code assert common contract,

12   quasi-contract, and tort causes of action that are recognized and routinely litigated in courts in

13   British Columbia.  Even if the third claim for relief is viable, the Court enforces the forum clause

14   as it finds that the courts in British Columbia could enforce this state law claim.  And if litigating

15   in British Columbia would result in losing the California UCL claim, the Court would still enforce

16   the forum selection clause.  *See, e.g., Lee v. Fisher*, 70 F.4th 1129, 1151 (9th Cir. 2023) (enforcing

17   forum selection clause even though doing so would result in the deprivation of the right to pursue

18   certain claims).  The Court finds that Plaintiff has failed to meet their burden to demonstrate that

19   there exist exceptional circumstances meriting the disregard of the parties' chosen forum selection

20   clause.

21   Lastly, as to the third and last element to consider, the Court finds that Plaintiffs will not be

22   deprived of their day in court if the case is litigated in British Columbia.  In cases in which the

23   parties have agreed to a forum-selection clause, they "waive their right to challenge the

24   preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their

25   pursuit of litigation." *Alt. Marine*, 571 U.S. at 64.  The Court is not persuaded by Plaintiffs'

26   contention that their chosen forum is inconvenient.  Although perhaps more costly, litigation is

27   possible in British Columbia and Plaintiffs will not be deprived of the right to their day in court.

28   The Court finds this last factor weighs in favor of dismissal as well.

**CONCLUSION**

Based on the foregoing, the Court GRANTS Defendants' motion to dismiss for forum non conveniens. Plaintiffs do not set forth additional claims that fall outside the scope of the forum selection clause or offer persuasive contentions regarding efforts to amend the complaint. Accordingly, the matter is dismissed without leave to amend. The Court shall issue a separate judgment and the Clerk is instructed to close the file.

**IT IS SO ORDERED.**

Dated: December 13, 2023

_____
JEFFREY S. WHITE
United States District Judge